CREHORE, APPELLANT, v. THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama Refusing to Record the Cancellation of a Mortgage.

No. 213.—Decided January 29, 1915.

CANCELLATION OF MORTGAGE—EXPRESS POWER.—The cancellation of a mortgage credit involves an actual act of alienation which cannot be executed without the express authorization of the person in whose favor the mortgage is created.

EXECUTOR.—When no special powers are conferred on the executors by the testator, they have only those powers enumerated in sections 876 and 877 of the Civil Code.

ID.—CANCELLATION OF MORTGAGE.—Authority to perform acts of strict ownership, as is the cancellation of a mortgage right, is not included among the powers conferred on executors by sections 876 and 877 of the Civil Code.

ID.—EXPRESS POWER—HEIRS.—Except when the executor is expressly authorized by the testator to consent to the cancellation of a mortgage, that right vests in the heirs, pursuant to section 669 of the Civil Code.

ID.—ADMINISTRATOR—REAL RIGHTS.—The executor is not an administrator of the estate unless the testator has conferred that character upon him, and even when he is made such administrator by the will of the testator, by the heirs or by the court, he is not authorized to alienate real property or real rights because this right is not inherent in the power to administer.

CANCELLATION OF MORTGAGE—JUDICIAL AUTHORIZATION—EX PARTE PROCEEDINGS.—Judicial authorization granted in *ex parte* proceedings brought by the executor does not add to his power to execute a deed of cancellation of a mortgage when an action has not been brought against the heirs or when the order of cancellation has not been obtained in proceedings for the consignation of the debt.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

Mr. Felipe Cuchí Arnau, the registrar, appeared by brief *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

From a public instrument of October 14, 1914, executed before Notary José C. Ramos, and from the documents thereto attached and reproduced in the copy which we have

before us, it appears that María Torres Díaz, as testamentary executrix of Jesús María Texidor Vázquez, acknowledged having received from Charles L. Crehore the principal and interest due to the deceased which was secured by mortgage; that in a proceding prosecuted by her in the District Court of Guayama, with the intervention of the *fiscal*, she was authorized, as such testamentary executrix, to execute a deed of cancellation of the said mortgage, and that by the said deed she gave Crehore a release and cancellation of the mortgage, and, in her said capacity, agreed that the mortgage should be canceled in the registry of property.

A copy of the will of Jesús María Vázquez shows that in the twelfth clause thereof he designated his five children as his heirs, two of whom are represented by the grandchildren of the testator, and that in the thirteenth clause he first named his wife, María Angela Torres y Días, as his executrix, but it does not appear that he conferred any special powers upon her as such.

After considering the above documents the Registrar of Property of Guayama refused to record the cancellation of the mortgage of Jesús María Texidor "because the deed of cancellation had been executed without the participation of the heirs of the said Jesús María Texidor." Charles L. Crehore took the present administrative appeal in due course and prays that this court reverse the decision appealed from and order the registrar to record the cancellation of the mortgage.

In order to decide this appeal we must consider two questions, namely, (1) whether the executrix can cancel the mortgage herself without the intervention and consent of the designated heirs, and (2) whether, if the consent of the heirs is necessary, it can be supplied by the authorization to cancel the mortgage which the District Court of Guayama gave to the executrix in a proceeding in which the heirs were not heard and in which only the *fiscal* intervened.

We have repeatedly held, and lastly in the case of *Ba-*

*quero and González* v. *The Registrar of Property of San Juan,* decided on the 21st instant, that the cancellation of a mortgage credit involves an actual act of alienation which cannot be executed without the express authorization of the person in whose favor the mortgage is created. An essential requirement to the act of cancellation of a mortgage is the consent of the person in whose favor the said real right is constituted.

This being settled, the question is whether María Torres Díaz is empowered to consent as executrix to the alienation of the real mortgage right.

The following sections of the Civil Code give the answer:

"Section 875.—Executors of wills shall have all the powers expressly conferred upon them by the testators and which are not contrary to law.

"Section 876.—Should the testator not have specially determined the powers of the executors they shall have the following:

"1. To dispose and pay the suffrages and funeral expenses of the testator in accordance with the provisions made by him in his will and, in their absence, according to the customs of the town.

"2. To pay, with the knowledge and consent of the heir, the cash legacies.

"3. To carefully see to the execution of the other provisions of the will and maintain, when just, its validity in and out of court.

"4. To take the necessary precautions for the preservation and custody of the property, with the intervention of the heirs who may be present.

"Section 877. Should there not be in the estate cash enough for the payment of the funeral expenses and legacies, and the heirs should not contribute from their own funds thereto, the executors shall sell the personal property; and should the proceeds therefrom not be sufficient, the real property shall be sold, with the intervention of the heirs."

It appears from the foregoing that executors have those powers which the testator expressly confers upon them and which are not contrary to law, and that when these are not specified they have only those powers enumerated in sections 876 and 877, *i. e.,* to arrange and pay for the funeral

expenses of the testator; to pay the·cash legacies, with the
knowledge and consent of the heirs, and in case there should
not be sufficient cash for these purposes, to sell the property,
with the intervention of the heirs.   As these powers con-
ferred by statute do not include the authority to perform
acts of strict ownership, as is the cancellation of a mortgage
because it involves the alienation of a real right, it is mani-
fest that executors who have not been authorized by the tes-
tator to cancel mortgages cannot execute an act of that char-
acter, for it would not be lawful to amplify their powers when
the testator granted them only those which the law confers
upon all executors.   And as the powers of the heirs begin
where those of the executors cease, inasmuch as section 669
of the same code provides that the heirs succeed the deceased
in all his rights and obligations by the mere fact of his death,
in the absence of express authorization by the testator to
the executor to consent to the cancellation of a mortgage—
which was not granted in the case at bar to María Torres
Díaz—that right vests in the heirs and the surviving spouse.
On June 13, 1874, the Directorate of Registries of Spain held
that an executor who had not received special authority from
the testator to execute acts of alienation, to which class the
extinguishment of a mortgage right belongs, is not authorized
·to cancel credits belonging to the testator.   By its decision of
October 31, 1892, it held that a deed of cancellation of a mort-
gage executed by the widow and heirs of the creditor was
recordable, and by its decision of April 7, 1896, it held that
under the provisions of the Civil Code a testamentary execu-
tor has no power to sell property of the estate although the
inheritance be vacant, unless such power were given him by
the testator.

The executor is not the administrator of the estate, for
unless the testator has conferred that character upon him he
has no other powers than those specified in sections 876
and 877 of the Civil Code; but even when he is made such
administrator by the will of the testator, or by the heirs,

or by the court, he is not authorized to alienate real property or real rights, because this right is not inherent in the power of an administrator, as was decided by the General Directorate of Registries of Spain on October 9, 1880, and June 17, 1893.

Therefore, as the person who executed the deed sought to be recorded is an executor without other than the statutory powers, he has no authority to consent to the cancellation of the mortgage.

As regards the judgment of the Supreme Court of Spain of March 11, 1896, 79 Civil Jurisprudence, 462, rendered in an action of debt for instalments due on an annuity and cited in support of the appeal, it decides only as to this point that "both the heirs and the executor-administrator of an estate are empowered to bring actions for recovery as well as to defend the rights belonging or entrusted to them." That was a case of an executor-administrator and not of a simple executor and it did not hold that executors, even when administrators also, may cancel a mortgage, therefore it is not applicable to this case.

As this is a plain case of a cancellation authorized by a testamentary executrix who was not appointed administratrix of the estate, it is not necessary to decide whether, as claimed by the appellant, an administrator appointed according to section 902 of the Civil Code in cases in which the inheritance has been accepted with benefit of inventory, has the power to bring real actions and to cancel mortgages.

Although the deed was executed by María Torres Díaz as executrix and also under the authorization granted to her as such by the District Court of Guayama in an *ex parte* proceeding instituted by her with the sole intervention of the *fiscal,* the appellant does not maintain that María Torres Díaz was empowered to perform the act by virtue of the authority conferred upon her by the court. That authorization does not add to the power of the executrix to execute the deed of cancellation, because as article 83 of the Mort-

gage Law requires that in order to cancel a record or entry made by virtue of a public instrument a declaratory action must be brought against the person whom said cancellation may prejudice when he does not consent to the cancellation, an *ex parte* proceeding. brought by the executor cannot be sufficient to authorize the cancellation, because the heirs of Jesús María Texidor Vázquez have not been heard and de- feated in an action, nor has the order for cancellation been obtained in accordance with the provisions of section 1146 of the Civil Code in a proceeding for consignation of the things due. Decisions of the Directorate of Registries of Spain of September 22, 1893, August 20, 1894, and of the Division of Notarial Registries of the Spanish Colonial Administration, cited by Galindo and Escosura in their Commentaries on the Mortgage Law, Fourth Edition, Volume III, page 54.

Moreover, when the law prescribes a certain procedure it is not lawful for the parties to resort to another. *Carbonell v. Registrar of Property,* 18 P. R. R., 745.

The decision of the registrar appealed from, as regards his refusal to cancel the mortgage in favor of Jesús María Texidor Vázquez, should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.